[Civ. No. 6685. First Appellate District, Division One.—April 11, 1929.]

PHILADELPHIA SHOE CO. (a Corporation), Appellant, v. ABRAHAM ELBERG, Respondent.

Norman A. Eisner for Appellant.

Arnold C. Lackenbach for Respondent.

LANDIS, J., *pro tem.*—The plaintiff appeals from a judgment in favor of defendant, in an action for a judgment determining defendant's right of occupancy of a portion of a store building and requiring defendant to vacate and surrender possession. The appeal is on the judgment-roll.

In the month of August, 1922, plaintiff's predecessor in interest made and executed a lease with the defendant Elberg. A brief history of the transactions involved, as shown in and admitted by the pleadings, is: For many years prior to August, 1922, B. Katschinski conducted a retail shoe business on Market Street in San Francisco, California, under the fictitious name of Philadelphia Shoe Co.; that in August, 1922, when the lease in question was exe-

cuted, he was engaged in the construction of a store building on leased ground on Mission Street in said city, with the purpose of conducting therein a shoe business under his trade name of "Philadelphia Shoe Co."; that the Mission Street store was completed about March 1, 1923, and about March 19, 1923, he commenced his shoe business therein and continued to conduct said business until it was transferred to the plaintiff corporation; he transferred to the plaintiff corporation all his interest in both stores and the lease in question; that from the date of the transfer until September 26, 1927, plaintiff conducted the retail shoe business in the Mission Street store and defendant continued to conduct therein a stocking department, as provided in said lease; that the lease to B. Katschinski of the land upon which the Mission Street store was erected is dated June 15, 1922, is from Clark Estate and the term expires July 21, 1932; that about September 26, 1927, plaintiff discontinued the said Mission Street store business and sold its entire stock of shoes and leased the store building to Lieberman Rosencrantz Company. That about January 1, 1928, all of the stock of shoes formerly belonging to plaintiff was removed from said premises by said Lieberman Rosencrantz Company and said company was temporarily occupying said premises for the purpose of selling general merchandise, including some shoes; that on September 22, 1927, plaintiff gave notice to defendant that it had sold its stock of shoes and would cease to conduct a boot and shoe business at said Mission Street premises on September 26, 1927, and that defendant's lease and right of occupancy would terminate on said date.

This action is the result of defendant's refusal to accede to said demand. Plaintiff seeks a judgment:

1. That the court determine the right of occupancy by defendant after plaintiff has ceased to conduct a boot and shoe business in said Mission Street store.

2. That defendant be required to vacate and surrender possession to plaintiff as soon as Lieberman Rosencrantz Company have ceased to occupy said Mission Street store.

Defendant urges and under his answer alleges that the said attempted termination of the tenancy of defendant under said lease and agreement is contrary to the express covenants, terms and conditions of said lease, contrary to

law, and is void and without any legal effect, and by way of cross-complaint, briefly stated, prays:

1. That plaintiff be not awarded any relief under the complaint.

2. That by decree of court it be adjudged that defendant has fully performed all the terms and conditions of said lease agreement; that said lease is still in full force and effect; that by reason of such performance he is entitled to the legal possession of the premises for the term of nine years and five months from March 1, 1923; that upon his continuance of such performance of the covenants of said lease on his part to be performed, and while the lease from Clark Estate to B. Katschinski remains in force that he be entitled to continue in the full enjoyment of his possession for the remainder of the term of nine years and five months without any interference by plaintiff, its successors or assigns. And in his cross-complaint defendant alleges that, by reason of the acts of plaintiff, he has reason to fear, and does fear, that unless his legal rights under said agreement are adjudicated by decree of court, he will, during the remainder of the term, be harassed and annoyed by plaintiff and its successors and assigns and will sustain irreparable injury.

The trial court found as true all and each of the allegations of defendant's cross-complaint, and rendered judgment in favor of defendant:

1. That plaintiff be not awarded the relief or any part thereof prayed for in its complaint.

2. That the lease agreement designated "Exhibit A" is still in full force and effect, so far as the rights of possession and occupancy and all other rights therein, conferred upon defendant, are concerned, and costs of suit.

Constituting the material parts of the lease, it is provided:

1st. "The lessor does hereby lease and demise unto the lessee, and the lessee does hereby take and hire from the lessor (here follows a description of the leased property) for the term of nine years and five months from March 1, 1923."

2d. "It is further understood that the lessee shall have the right to enjoy possession of said portion of said premises only so long as the lessor herein shall enjoy possession under

and by virtue of the lease aforesaid'' (that is, the Clark Estate lease).

It then provides in substance that the portion of the building lease to lessee is leased ''for the purpose of conducting therein a department for the sale of men's, women's and children's stockings'' and that ''the lessor is to conduct in said building of which the demised premises is a part, a boot and shoe business under the name 'Philadelphia Shoe Co.,' '' and making a number of specific provisions regulating the manner in which the lessee shall conduct said stocking department, the amount of rental to be paid by lessee, etc., and it is in the paragraph of the sublease which immediately precedes the final paragraph further provided:

3d.  ''The lessee does hereby covenant and agree to commence the occupation of said space as soon as the same is ready for occupancy, the contemplated date being on or about the first day of March, 1923, and to continue the occupation thereof and in like manner as a first-class stocking department subject to the directions and guidance of the lessor, so long as the lessor, his heirs, executors, administrators or assigns shall conduct in the said building, of which said demised premises constitute a part, a boot and shoe business, not exceeding the term herein limited.''

It is this paragraph 3d that plaintiff contends gives it the right to the relief it seeks.  In other words, the contention of plaintiff appears to be that the right of defendant to occupy was only so long as the shoe business of the plaintiff should continue at the location in question—that the right to remain does not survive the obligation to remain.

No sound reason is given and no authority whatever cited to sustain the appellant's contention in this regard.  It is quite clear that the language of this paragraph, standing alone, does not warrant the interpretation placed thereon by plaintiff and *a fortiori* may this conclusion be reached when this paragraph is read and considered in connection with other portions of the lease, particularly with paragraph 1st, which clearly and expressly demises the premises to lessee for a term definite and certain, subject only to the conditions of the Clark Estate lease, and paragraph 2d, which clearly provides that the lessee shall have the right to enjoy

possession of the premises only so long as lessor herein shall enjoy possession of the Clark Estate lease.

The record shows that defendant has performed and is able and willing and has offered to continue to perform each and every covenant and condition of the lease agreement on his part agreed to be performed, and that the plaintiff under and by his assigns is still in possession of the reserved portion of the building and that his assigns are occupying the premises temporarily at least for the purpose of selling general merchandise, including some shoes.

It must be conceded that leases for terms of years quite often confer upon the lessor an option to terminate the lease before the expiration of the term or reserve to the lessee a similar privilege, and although to create such right or privilege, no particular form of words is necessary, yet certain words, namely "upon condition," "provided," "reserving," "subject to," or their Latin equivalents, are recognized as apt and customary.

No such words are found in the lease. Neither are there any words indicating or suggesting the right or option of lessor to terminate the lease before the end of the term except the conditions of the Clark Estate lease and which are not here in question.

Lessee agreed to occupy and conduct his department as long as lessor conducted his department. This lessee has done. The effect of the contention of plaintiff is that the provisions of the lease not only reserved to plaintiff the right to discontinue his business before the end of the term, and that he did exercise such right, but that such action on his part *ipso facto* operated as a termination of defendant's lease.

There is no forfeiture or right of re-entry clause in the lease and it is undisputed that the lessee has not breached any of the covenants of the lease and to accept the contention of appellant would be to hold that the lessor could himself terminate the lease by a breach of covenant and might thereby obtain a benefit from his own wrong. The lessor cannot plead his own breach or wrong in discharge of his obligation to continue in full force and effect the rights granted to the lessee under the solemn covenants of the contract, where, as here shown, the lessee has not

breached any covenants on his part agreed to be performed. Clearly there is no merit in the contention of appellant.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.